**MOTTER, Collector of Internal Revenue, v. GARRISON.**

**In re SHRIVER.**

**No. 247.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 21, 1930.

C. E. Dawson, of Washington, D. C. (C. M. Charest, of Washington, D. C., and Sardius Mason Brewster, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellant.

Mark H. Adams, of Wichita, Kan. (Joseph G. Carey, of Wichita, Kan., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal by the collector of internal revenue for the district of Kansas from an order of the District Court affirming the disallowance by a referee of a priority claim, against E. A. Shriver, then a bankrupt, based on an assessment of an additional income tax. The sole question involved is whether the claim was barred by limitation.

The claim was filed with the referee on January 28, 1928. The trustee objected because of limitations contained in the Revenue Acts. The controversy was submitted on stipulated facts, which were as follows: On March 14, 1919, the bankrupt filed his return for the year 1918 and paid $1,237.48 as his tax. On February 19, 1924, he joined with the Commissioner in a written waiver, consenting to an extension of one year for the determination, assessment, and collection of income, excess profits, or war profits taxes under his return. On December 3, 1924, the Commissioner assessed an additional tax of $11,895.16, for 1918, as set forth in a schedule exhibited with the claim. Between December 3 and 23, 1924, a demand therefor was sent to and acknowledged by the debtor. He was adjudged a bankrupt on January 26, 1928.

These agreed facts present the same questions that were involved and decided in Florsheim Dry Goods Co. v. United States (White, Collector, v. Hood Rubber Co.), 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542. It suffices for our disposition of this case briefly to review those decisions, and point out the application of the rulings there made.

In those cases the completed returns of the companies, held to be contemplated by the Revenue Act of 1918, were filed on June 16 and July 14, 1919. That act (40 Stat. 1083, § 250(d), required a determination and assessment of the tax within five years after a return was due or was made. The Revenue Act of 1921 (42 Stat. 265, § 250(d) extended that period by providing that the tax under the act of 1918 should be determined and assessed within five years after filing of the return, "unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax." Waivers were executed prior to March 15, 1924, extending the period for one year. The assessments were held to have been made in due time, because made within six years after the filing of the return, the term of the waiver being added to the five-year period fixed by the statute. Here a like state of facts appears. The return was made on March 14, 1919, there was an extension of one year prior to March 14, 1924, to wit, on February 19, 1924, and the assessment was made on December 3, 1924, within the six-year period following the return.

The same question arose as in this case with regard to the time in which collection of the additional tax was sought. The limitation fixed by the Revenue Act of 1921 was five years after the return. The Revenue Act of 1924, § 278(d), 26 USCA § 1061 note, and Revenue Act 1926, § 278(d), 26 USCA § 1061, extended the period for collection to six years after an assessment. The suit was brought in those cases for the collection of the tax more than six years after the returns were filed, but less than six years after the assessments were made. And they were held to have been brought in due time. In this case, the like facts appear. The claim was filed in bankruptcy on January 28, 1928. That was more than six years after the return of March 14, 1919, but less than six years after the assessment of December 3, 1924.

It is obvious that, on account of the similarity of the questions involved, the decisions of the Supreme Court control the result in this case. We are therefore bound to hold that the assessment of this additional tax was made and the presentation of the claim in bankruptcy was filed within the periods fixed by the Revenue Acts.

The order of the District Court is reversed, with direction to that court to allow the claim of the collector as a priority, in accordance with the Bankruptcy Act (11 USCA). It is so ordered.

Reversed.